Yahuitl v. Barr

BIA
A073 579 579

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty.

PRESENT:
> DENNY CHIN,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

PETRA YAHUITL,
> *Petitioner,*

v.                                                18-3025
                                                  NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Robert Cini, Esq., Howard
                         Rosengarten, P.C., New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Erica
                         B. Miles , Senior Litigation

Counsel; Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Petra Yahuitl, a native and citizen of Mexico, seeks review of a September 18, 2018 decision of the BIA denying her motion to reopen. *In re Petra Yahuitl,* No. A073 579 579 (B.I.A. Sept. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Yahuitl's motion to reopen was number barred and untimely because it was her second motion and she filed it twenty years after her removal order and sixteen years after the BIA affirmed an immigration judge's denial of her first motion to reopen in 2002. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time and number limitations may be excused upon a showing of ineffective

assistance of counsel, *Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008), to warrant tolling, Yahuitl had to demonstrate that she "exercised due diligence in pursuing the case during the period [she] seeks to toll," *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 135 (2d Cir. 2000).

The BIA did not err in declining to reopen based on ineffective assistance of counsel. To satisfy the diligence requirement, a movant must "exercise due diligence both before *and* after [s]he has or should have discovered [the] ineffective assistance." *Rashid*, 533 F.3d at 132. "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* The BIA affirmed the immigration judge's denial of Yahuitl's first motion to reopen in 2002, and she stated that she kept in contact with her representative, Reverend Robert Vitaglione, "throughout the process." Certified Administrative Record ("CAR") at 39. She has been under an Immigration and Customs Enforcement order of supervision "since at least 2012," and an attorney helped her with an application for deferred action in 2013. CAR at 304, 607.

3

Yahuitl did not detail any efforts to pursue a claim against Reverend Vitaglione or to reopen from 2002 until she filed her motion to reopen in 2018. Though Yahuitl states that she was not aware that the reverend lost his accreditation until her current attorney told her (presumably in 2018), she was at least aware in 2012 that she had lost her appeal of her motion to reopen and had a removal order because she was under an order of supervision. Given the lack of evidence that she attempted to investigate her status between 2002 and 2012 or 2013, and her failure to move to reopen until 2018 after being placed under an order of supervision in 2012, the BIA did not err in finding that she failed to establish due diligence throughout the period she sought to toll. *See Jian Hua Wang v. B.I.A.*, 508 F.3d 710, 715 (2d Cir. 2007) (explaining that no delay is per se unreasonable, but citing several cases where "a petitioner who wait[ed] two years or longer to take steps to reopen . . . failed to demonstrate due diligence").

Finally, even absent the denial of the motion as untimely and number barred, the agency did not abuse its discretion in declining to reopen because Yahuitl failed to demonstrate

4

prima facie eligibility for asylum. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). To demonstrate eligibility for asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Yahuitl asserted that she feared harm in Mexico because her husband suffered an assault by unidentified individuals and because gangs will perceive her to be wealthy given her length of residence in the United States. General crime and criminal acts for economic gain are not grounds for asylum. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73–74 (2d Cir. 2007) (holding that harm purely motivated by wealth is not persecution); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (harm resulting from "general crime conditions" does not constitute persecution on account of a protected ground).

In sum, the BIA did not abuse its discretion in denying reopening because Yahuitl did not exercise due diligence in pursuing her ineffective assistance of counsel claim or demonstrate her prima facie eligibility for asylum.

5

*See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *Rashid*, 533 F.3d at 132–33; *Poradisova*, 420 F.3d at 78.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court